IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MARTIN FINCH, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-1221-NR-KAP |
| | ) |
| v. | ) |
| | ) |
| GOVERNOR JOSH SHAPIRO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Mr. Finch filed a complaint on August 8, 2024. ECF 1. Judge Pesto issued a memorandum order directing Mr. Finch to effect proper service or the complaint would be dismissed without prejudice under Rule 4(m). ECF 4. What followed was a flurry of motions, including a motion for mediation hearing (ECF 7), motion to amend (ECF 9), motion for service by U.S. Marshal (ECF 12), two requests for default (ECF 13 and ECF 14), and a motion for payment (ECF 16). Judge Pesto denied the motion for mediation hearing (ECF 8), and denied the motion to amend (ECF 11). In the order denying the motion for mediation hearing, Judge Pesto reminded Mr. Finch of his duty to serve the complaint on defendants. ECF 8. On July 1, 2025, Judge Pesto issued a Report & Recommendation recommending that Mr. Finch's complaint be dismissed *sua sponte* as frivolous. ECF 17.

The parties were notified that objections to the Report & Recommendation were due by July 15, 2025, or July 18, 2025 for unregistered ECF users. *Id.* Mr. Finch filed objections on July 10, 2025. ECF 18. Because Mr. Finch has objected to Judge Pesto's Report & Recommendation, the Court reviews it *de novo*. 28 U.S.C. § 636(b)(1).

Mr. Finch argues in his objections that he filed this case "as a Request for Default Judgment found in favor of Plaintiff ruleing (sic) on April 7th 2024 due to

non-compliance of court orders served as described in Federal Rules of Civil Procedures (sic) 12(a)(2) or (3) also all defendants were served . . . in Rule 4(a)-(g)(L1)(3m) of Rules of Civil Procedure for the United States District Courts.  Due to no reply except for advice to seek legal counsel, Plaintiff Shawn Martin Finch Pro-se filed final pleading to request default judgment ruleing (sic) to be found in plaintiff's favor[.]"  ECF 18, pp. 1-2 (capitalization omitted).  Mr. Finch doesn't address Judge Pesto's discussion of why the factual allegations in his complaint are deficient—instead, he asserts that he served the defendants and is now entitled to a default judgment.  *Id.*

In his complaint, Mr. Finch brings claims against Pennsylvania Governor Josh Shapiro, Pennsylvania State Treasurer Stacy Garrity, and an individual whom he labels an "embezzler," Maureen Mary Finch (Irving).  ECF 1, pp. 2-3.  He appears to bring a Section 1983 claim for "state supplemental payment increase withholding without due process of the law" and a *Bivens* claim for "embezzlement with state-county official involving prison of Cambria County and [himself] inmate 06-1525 in which a pre-paid state litigation was filed in the year 2007" for which he "received 0.00 USD."  *Id.* at 4.  Mr. Finch also makes passing reference to the Civil Rights Act and the Bill of Rights.  *Id.* at 3-4.

Because Mr. Finch is not proceeding *in forma pauperis*, "the standards for dismissal under 28 U.S.C. § 1915 do not apply."  *Karn v. U.S. Fed. Govt.*, No. 13-1215, 2013 WL 4535850, at n.1 (W.D. Pa. Aug. 27, 2013) (Fischer, J.).  However, "[a] federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion."  *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (cleaned up).

The Court agrees with Judge Pesto: Mr. Finch's factual allegations are wholly insubstantial and absolutely devoid of merit. *See Karn*, 2013 WL 4535850, at *1. He accuses state officials of embezzlement and payment withholding with no factual basis. *See* ECF 1. Mr. Finch's one-sentence claims "rely on fantastic scenarios lacking any arguable factual basis." *DeGrazia*, 316 F. App'x 172 at 173. As such, the Court finds that Mr. Finch's complaint is subject to *sua sponte* dismissal under the standard articulated in *DeGrazia*.

A court may deny leave to amend if amendment would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (cleaned up)). Here, the Court finds that amendment would be futile because there is no legal or factual basis for Mr. Finch's claims.

***************

**AND NOW**, this 22nd day of August, 2025, it is hereby **ORDERED** that Judge Pesto's Report & Recommendation (ECF 17) is **ADOPTED** as the opinion of this Court, subject to the additional discussion in this order. It is **FURTHER ORDERED** that Plaintiff's complaint (ECF 1) is **DISMISSED** with prejudice. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Shawn Martin Finch
2621 Centre Ave. Rm. 323
Pittsburgh, PA 15219